UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cr-20825-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**DANIEL BILBAO VARGAS,**

    Defendant.

_____/

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on December 20, 2019, a hearing was held to determine whether defendant **DANIEL BILBAO VARGAS** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **DANIEL BILBAO VARGAS** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by indictment, in the Southern District of Florida, with possession of an unregistered firearm in violation of Title 26, United States Code, Section 5861(d) and being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).

2. The weight of the evidence against the defendant is substantial. The government has proffered that law enforcement officers encountered the defendant drinking a beer outside a gas station. The defendant appeared drunk. Law enforcement officers took the defendant into custody for public intoxication. Law enforcement officers discovered two lighters on the defendant's person. The defendant was agitated and yelled threats from the backseat of the police vehicle. The defendant told law enforcement officers that he had a bomb and was going to kill everyone. Law enforcement officers searched near a gas compressor at the gas station and found a device, commonly known as a Molotov cocktail. The defendant's fingerprints were found on the device. Prior to being taken into custody, the defendant had threatened the gas station store clerk by stating that he was going to burn the building down with the clerk inside it. The defendant has previously been convicted of a felony.

3. The pertinent history and characteristics of the defendant support pretrial detention. The defendant was born on September 5, 1970 in Cuba and has previously been ordered removed from the United States. The defendant is homeless and has an extensive criminal record which includes 58 arrests in 28 years. The defendant also has multiple probation violations. Title 18, United States Code, Section 3142(g)(3)(A).

4. Based on the defendant's homelessness and his demonstrated failure to obey conditions of bond, the undersigned believes that the defendant would not appear if released on bond. The Court specifically finds, by a preponderance of the evidence, that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required.

5.      A few days prior to his arrest in the instant case, the defendant was released from a shoplifting charge. The defendant proceeded to engage in the instant offense. The defendant has shown he has the ability to assemble an incendiary device and placed one near a gas station where he had previously threatened to burn down the building. Based on the serousness of the instant offense and the defendant's prior criminal history which includes prior arrests for armed robbery, assault, burglary, trespass and threatening a public servant, the Court believes the defendant would continue to engage in violent behavior if released on bond. The Court specifically finds by clear and convincing evidence, there are no conditions or combinations of conditions which will reasonably assure the safety of other persons and the community.

The Court hereby directs:

(a)  That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)  That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)  That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the

defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Miami, Florida, this **20th** day of December, 2019.

_____
JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE